IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IVY McFADDEN-ALBERT, | ) | CASE NO. 1:16 CV 1046 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Ivy McFadden-Albert for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders the parties have briefed their positions.[7] and filed

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated May 2, 2016.

[2] ECF # 1.

[3] ECF # 11

[4] ECF # 12.

[5] ECF # 8.

[6] ECF # 13.

[7] ECF # 14 (McFadden-Albert's brief), ECF #17 (Commissioner's brief).

supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## A. Background facts and decision of the Administrative Law Judge ("ALJ")

McFadden-Albert, who was 38 years old at the time of the administrative hearing,[11] did not graduate high school and has not obtained a GED.[12] Her past relevant work experience includes employment as a telephone solicitor, child monitor, and general office clerk.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that McFadden-Albert had severe impairments consisting of osteoarthritis; depression; anxiety; post-traumatic stress disorder; panic disorder with agoraphobia; and personality disorder with dependent features; and obesity (20CFR 404.1520(c) and 416.920(c)).[14] The ALJ made the following finding regarding McFadden Albert's residual functional capacity:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). However, the claimant is

---

[8] ECF # 17-1(Commissioner's charts); ECF # 14-2 (McFadden-Albert'scharts).

[9] ECF # 14-1.

[10] ECF # 20.

[11] ECF #14-1 at 1.

[12] *Id.*

[13] ECF # 12, Transcript ("Tr.") at 71.

[14] *Id.* at 21.

limited to four hours of standing/walking. She cannot operate foot controls bilaterally. She may never climb ladders, ropes, or scaffolds. She may only occasionally climb ramps and stairs. She may only occasionally balance, stoop, kneel, and crouch. She may never crawl. In terms of mental restrictions, she has no memory limitations. She can understand, remember, and carry out simple and detailed instructions and perform work that is goal oriented with no strict productions quotas and with infrequent changes. She is limited to superficial contact with others, such as speaking or signaling, taking instructions, carrying out instructions, asking questions, and serving; no collaboration or mentoring.[15]

Given that residual functional capacity, the ALJ found McFadden-Albert capable of her past relevant work a telephone solicitor and, therefore, not under a disability.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that McFadden-Albert could perform.[17] The ALJ, therefore, found McFadden-Albert not under a disability.[18]

McFadden-Albert asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, McFadden-Albert presents the following for judicial review:

- Whether the ALJ's decision lacked substantial evidence and failed to state valid reasons for rejecting Social Security's own consultive examiners.

---

[15] *Id.* at 23.

[16] *Id.* at 32.

[17] *Id.* at 33.

[18] *Id.*

-3-

- Whether the ALJ validly articulated why she rejected the opinion of treating psychiatric clinical nurse specialist (Ms. Fuller).

- Whether the ALJ stated valid reasons for discrediting the plaintiff.[19]

The Court recommends that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, should be remanded.

## Analysis

**A. Applicable legal standards**

*1. Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

---

[19] ECF # 14 at 1.

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-4-

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

*2.      Credibility*

As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[23] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms or limitations will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability

---

[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[23] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[24]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work ... solely because the available objective medical evidence does not substantiate your statements.[25]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[26]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[27] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

---

[24] *Id.* at 34484.

[25] 20 C.F.R. § 416.929(c)(2).

[26] *Swain*, 297 F. Supp. 2d at 988-89.

[27] 20 C.F.R. § 404.1529(c)(3).

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[28]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[29] A court may not disturb the ALJ's credibility determination absent compelling reason.[30]

**B. Substantial evidence does not support the ALJ's treatment of the opinion of the reviewing and examining sources.**

This case essentially presents the question of whether substantial evidence supports the decision of the ALJ that McFadden can function at the level described in the RFC for a

---

[28] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[29] *Buxton*, 246 F.3d at 773.

[30] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

normal workweek. Because, as will be detailed below, the ALJ's decision was not supported by substantial evidence, the matter should be remanded.

First, the opinions of both, Drs. Goldsmith and Haskins, state agency consulting psychologists, limited McFadden to no more than infrequent *and* superficial interactions with others.[31] The ALJ assigned great weight to these opinions, noting that they are consistent with the treatment notes, the findings of the consultative psychological examination, and with the residual mental functioning reflected in McFadden's reporting of her daily activities.[32]

Similarly, the report of Mitchell Wax, Ph.D., the consultative psychological examiner, to which the ALJ gave only some weight as it pertains to social function,[33] found that McFadden would have difficulty responding appropriately to work pressure and difficulty responding appropriately to supervisors and co-workers.[34] The opinion of Dr. Dariush Saghafi, M.D., a consultative neurologist, stated that McFadden "did not appear to have the ability to deal with social situations or work type environments yet."[35] That opinion was given little weight, as it was purportedly outside of the scope of Dr. Saghafi's specialty and unsupported by objective evidence in his report.[36]

---

[31] Tr. at 28 (opinion of Bruce Goldsmith Ph.D.); (opinion of Kristen Haskins, Ph.D.).

[32] *Id*.

[33] *Id*. at 29.

[34] *Id*.

[35] *Id*. at 592.

[36] *Tr*. at 29.

Significantly, the report of Dr. Haskins was lauded by the ALJ lauded as providing a "full and objective assessment of the evidence" that "did not rely to a large extent on [McFadden's] self reporting."[37] But, as was stated earlier, Dr. Haskin also opined, in agreement with Dr. Waxman, that McFadden could not be employed in a job with more than both "infrequent" and "superficial" contact with others.[38]

The ALJ here attempts to distinguish Dr. Haskins's opinion from Dr. Waxman by observing that Dr. Waxman's conclusion that McFadden "could not hold a job" was both unsupported by the record and a question reserved for the Commissioner.[39] But the distinction is more apparent than real. Dr. Haskins opined that McFadden was "moderately limited" in her ability to complete a normal workweek[40] and needed no more than "infrequent superficial contact others"[41] - both views that are consistent with Dr. Waxman's opinion that McFadden would have difficulty in a work setting because of her PTSD and panic attacks.[42]

Moreover, it is important to emphasize, as noted earlier, that the near-universal opinion of the medical experts was that McFadden needed to work in an environment with infrequent and superficial contact with others. Yet, the ALJ crafted the mental limitations

---

[37] *Id.*

[38] *Id.* at 121.

[39] *Id.* at 29.

[40] *Id.* at 120.

[41] *Id.* at 121.

[42] *Id.* at 588.

of the RFC to include only a limitation to "superficial contact with others."[43] Plainly, superficial, which concerns form or type, is not identical to infrequent, which addresses numbers. Indeed, one of the jobs the ALJ found that McFadden could do under this RFC - cashier[44] - precisely describes a job where the interactions with others would be entirely superficial, but where those interactions could be quite frequent.

Focusing on these source opinions, and for the reasons detailed above, the ALJ both failed to provide good reasons for downgrading the weight given to opinions such as Dr. Waxman's and was logically inconsistent in dealing with that opinion and Dr. Haskin's. Moreover, and also for the reason given above, the RFC as written is not supported by substantial evidence. Simply put, there is no evidence in the record supporting the view that McFadden can work in an environment where she must deal with frequent interactions with others.

## Conclusion

For the reasons stated, I find that the decision of the Commissioner in this matter is not supported by substantial evidence and, therefore, should be reversed, with the matter remanded for further proceedings consistent with this opinion.

Dated: June 27, 2017                                s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[43] Tr. at 23.

[44] *Id*. at 33.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[45]

---

[45] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).